UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Michael Lesperance,<br><br>    Plaintiff,<br><br>v.<br><br>Webster Monroe & Associates, LLC &<br>DiRecManagement, Inc.<br><br>    Defendants. | Civil Action No.: _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    1.    Plaintiff Michael Lesperance brings this Complaint against Webster, Monroe and Associates, LLC for violations of the Fair Debt Collections Practices Act (the "FDCPA," 15 U.S.C. 1692 et seq.) and RSA 358-C, and against DirRecManagement, Inc. for violations of the FDCPA, RSA 358-C, the Telephone Consumer Protection Act (the "TCPA," 47 U.S.C. § 227), and invasion of privacy.

**PARTIES**

    2.    Michael Lesperance ("Mr. Lesperance") is a resident of 20 Wolf Road, Building F, Apartment No. 129, Lebanon, New Hampshire.

    3.    Webster Monroe & Associates, LLC ("WMA") is a New York Domestic Limited Liability Company with a principal place of business located at 6510 Porter Road, Suite 1, Niagara Falls, New York.

    4.    DiRecManagement, Inc. ("DRM") is an Alabama Domestic Corporation with a principal place of business located at 4320 Downtowner Loop South, Mobile, Alabama.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims against DRM pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over DRM because, among other reasons and as set forth in greater detail below, it did business in New Hampshire; the claims in this complaint arise out of its contacts within New Hampshire; through its acts and omissions, it purposefully availed itself of the laws of New Hampshire; and it is reasonable and fair to exercise jurisdiction over DRM in New Hampshire.

7. This Court has subject matter jurisdiction over the claims against WMS pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over WMS because, among other reasons and as set forth in greater detail below, it did business in New Hampshire; the claims in this complaint arise out of its contacts within New Hampshire; through its acts and omissions, it purposefully availed itself of the laws of New Hampshire; and it is reasonable and fair to exercise jurisdiction over WMS in New Hampshire.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

10. Sometime prior to the year 2018, Mr. Lesperance borrowed money to pay a debt related to a residential electricity bill.

11. Around early 2019, Mr. Lesperance was contacted by WMA and asked to repay the debt.

12. At the time he was contacted by WMA, which began with contact by a sheriff, Mr. Lesperance lived in Lebanon, New Hampshire.

13. Mr. Lesperance entered into an agreement with WMA to pay a monthly amount towards the debt.

14. WMA drew money from Mr. Lesperance's bank account to make payments towards the debt.

15. The bank account that WMA drew money from towards payment of Mr. Lesperance's debt was located in New Hampshire.

16. On August 23, 2019, Mr. Lesperance made a final payment to WMA in full settlement of his debt.

17. On August 23, 2019, WMA confirmed the final payment, considered Mr. Lesperance's debt settled in full upon clearance of the funds, and represented that it would notify its client to reflect the change in their records.

18. On April 3, 2020, Mr. Lesperance was contacted by "Stacey" from DRM, who sought to collect from Mr. Lesperance the same debt described above.

19. Stacey contacted Mr. Lesperance at on his cell phone, which has a number with the area code 603.

20. At the time of the contact, Mr. Lesperance was living in Lebanon, New Hampshire.

21. Stacey threatened civil suit, denied the debt had been paid in full and demanded Mr. Lesperance's "account number" which she would not provide.

22. Mr. Lesperance replied that the debt had been paid in full and offered to obtain confirmation of the same.

23. Mr. Lesperance subsequently obtained written confirmation from WMA that the debt had been paid in full as of August 23, 2019.

24. Shortly thereafter, Mr. Lesperance called Stacey, informed her of the account number and again informed her that the debt had been paid in full.

25. Stacey confirmed the account number was "correct" but continued to claim that the account had not been paid in full and stated that WMA did not close the account properly.

26. Thereafter, on April 9, 2020, upon information and belief, Mr. Lesperance received another call on his cell phone from DRM.

27. This call showed +100 as the number it was received from.

28. When Mr. Lesperance picked up the phone, he heard a prerecorded message which threatened further legal action.

29. Mr. Lesperance then placed a call to DRM, confirmed that they had just called, and informed them again that the debt had already been paid in full.

30. Plaintiff's counsel sent a letter of representation to DRM dated April 29, 2020.

31. DRM signed a United States Postal Service Certified Mail tracking card ("green card" on May 4, 2020.

32. DRM replied to Plaintiff's counsel with a letter purportedly dated April 28, 2020, but placed in an envelope postmarked May 4, 2020, that acknowledged receipt of the letter of representation and in fact referenced the very same account number that Mr. Lesperance had referenced when providing confirmation that they debt had been paid in full.

33. On May 14, 2020, upon information and belief, Mr. Lesperance received another prerecorded message from DRM on his cell phone indicating that the caller was "exploring other legal options" and requesting a return call.

34. Having come from a background of homelessness and only recently having worked his way into stable housing and a job, as a result of being placed in collections for debt that Mr. Lesperance believed he had already paid and settled in full with WMA, Mr. Lesperance experienced frustration, anxiety, anger, fear and embarrassment, and suffered annoyance, inconvenience, distraction and waste of time.

## FIRST COUNT

**Violations of 15 U.S.C. 1692 et seq., (the Fair Debt Collection Practices Act or "FDCPA") Against Webster Monroe & Associates, LLC**

35. Plaintiff realleges the paragraphs above as if set forth herein.

36. Defendant WMA is a debt collector as defined in 15 U.S.C. 1692a.

37. By the conduct set forth above, Defendant WMA has made Plaintiff the object of collection activity arising from consumer debt as defined in 15 U.S.C. 1692a.

38. By the conduct set forth above, Defendant WMA violated numerous provisions of the FDCPA, including but not limited to § 1692e(10).

39. Plaintiff is entitled to damages as a result of WMA's violations.

## SECOND COUNT

**Violations of RSA 358-C against Webster Monroe & Associates, LLC**

40. Plaintiff realleges the paragraphs above as if set forth herein.

41. Plaintiff is a consumer within the definitions of RSA 358-C, 1.

42. The underlying debt at issue in this complaint was a consumer credit transaction within the definitions of RSA 358-C, 1.

43. Defendant WMA is a debt collector within the definitions of RSA 358-C, 1.

44. By the conduct set forth above, Defendant WMA violated RSA 358-C:2 by collecting and/or attempting to collect a debt from Mr. Lesperance using unfair, deceptive, and unreasonable practices, including but not limited to conduct in violation of RSA 358-C:3, VII.

45. Plaintiff is entitled to damages as a result of WMA's violations.

### THIRD COUNT

**Violations of 15 U.S.C. 1692 et seq., (the Fair Debt Collection Practices Act or "FDCPA") Against DiRectManagement, Inc.**

46. Plaintiff realleges the paragraphs above as if set forth herein.

47. Defendant DRM is a debt collector as defined in 15 U.S.C. 1692a.

48. By the conduct set forth above, Defendant DRM has made Plaintiff the object of collection activity arising from consumer debt as defined in 15 U.S.C. 1692a.

49. By the conduct set forth above, Defendant DRM violated numerous provisions of the FDCPA, including but not limited to §§ 1692d(6), 1692e(2), 1692e(5), and 1692e(10).

50. Plaintiff is entitled to damages as a result of WMA's violations.

### FOURTH COUNT

**Violations of RSA 358-C against DiRectManagement, Inc.**

51. Plaintiff realleges the paragraphs above as if set forth herein.

52. Plaintiff is a consumer within the definitions of RSA 358-C, 1.

53. The underlying debt at issue in this complaint was a consumer credit transactions within the definitions of RSA 358-C, 1.

54. Defendant DRM is a debt collector within the definitions of RSA 358-C, 1.

55. By the conduct set forth above, Defendant DRM violated RSA 358-C:2 by collecting and/or attempting to collect a debt from Mr. Lesperance using unfair, deceptive, and

unreasonable practices, including but not limited to conduct in violation of RSA 358-C:3, I; III; V; and VII.

56. Plaintiff is entitled to damages as a result of WMA's violations.

## FIFTH COUNT

**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), against DiRectManagement, Inc.**

57. Plaintiff realleges the paragraphs above as if set forth herein.

58. Plaintiff received more than one telephone call to his cellular telephone from DRM that used a pre-recorded voice message.

59. The calls from DRM that used a pre-recorded voice message violated the Telephone Consumer Protection Act, and specifically 47 U.S.C. § 227(b)(1)(A)(iii).

60. Plaintiff is entitled to damages as a result of WMA's violations.

## SIXTH COUNT

**Invasion of Privacy: Intrusion against DiRectManagement, Inc.**

61. Plaintiff realleges the paragraphs above as if set forth herein.

62. By the conduct set forth above, DRM invaded the Plaintiff's privacy and intruded upon his seclusion by placing calls to him for debt that he had already paid, and by placing calls to him after receiving a notice to direct all further communication to his attorney.

63. Said invasion of privacy and intrusion upon the Plaintiff's seclusion caused him to suffer harm, as set forth above, including but not limited to the deprivation of his seclusion and emotional distress.

WHEREFORE, Mr. Lesperance respectfully request that this Honorable Court:

A. Enter judgment in his favor on all counts;

B. Award him all the relief to which he is entitled, including actual and statutory damages, costs, and reasonable attorneys' fees and costs; and

C. Grant such further relief as it deems just and equitable.

Respectfully Submitted,

Dated: August 24, 2020

/s/ Nicholas G. Kline
Nicholas G. Kline, Esq. #268422
nkline@shaheengordon.com
Attorney for the Plaintiffs
SHAHEEN & GORDON, P.A.
353 Central Avenue, 2nd Floor
Dover, NH  03821-0977
(603) 749-5000